SARTAIN, Judge.
We granted writs in this cause to consider the alleged unconstitutionality of C. C.P. Article 5181 which specifically denies the right to a litigant in a separation or divorce matter to proceed in forma pauperis.
The subj ect article reads as follows:
“Art. 5181. Privilege of litigating without prior payment of costs
“A person who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.
“As used in this chapter: ‘judicial proceeding’ includes a rule for contempt for failure to pay alimony or child support ordered by the court, but otherwise excludes an action for a divorce or for a separation from bed and board-, and ‘person’ means an individual who is a citizen of this state, or an alien domiciled therein for more than three years. As amended Acts 1964, No. 336, § 1. (Emphasis ours)
Briefly stated, the facts are as follows: Relatrix filed a petition on December 1, 1971, in the 17th Judicial District Court for the Parish of Terrebonne for a separation a mensa et thoro from her husband, custody of their three minor children, alimony pendente lite for herself, and support for the children.
The customary rules nisi were issued and on December 15, 1971, were made absolute. She was awarded the temporary custody of the children, Respondent was enjoined from disposing of any community assets and condemned to pay Relatrix the sum of $260.00 per month as alimony pen-dente lite for herself and child support if Relatrix is permitted to occupy the family home or $385.00 per month if she is compelled to rent another dwelling. On December 27, 1971, Relatrix petitioned and *338 was granted the right to proceed in forma pauperis. On December 29, 1971, she sought and obtained an order of appeal[1] from the judgment rendered on December IS, 1971.
On January 3, 1972, Respondent filed a rule to set aside the pauper order of December 21, 1971.[2] The rule was made absolute on January 17, 1972, and the order of December 27, 1971, was annulled and set aside. Relatrix then sought the instant writ.
The argument of counsel on the return date of January 17, 1972, was not reported, therefore, the record before us contains no evidence thereof or any testimony that might have been adduced on that date. Respondent in his brief before us contends that Relatrix has failed to plead the unconstitutionality of C.C.P. Art. 5181 and therefore the issue is not before us. However, it is conceded in his brief that at the hearing on January 17, 1972, counsel for Rela-trix “ . . . then proceeded to argue that his client should be permitted to proceed with her case without the payment of costs, etc., as provided for by the laws of this state in certain cases, because there was a Supreme Court[3] case that held that a similar statute in some other state was declared unconstitutional.” Thus, it appears clear to us that the unconstitutionality of C.C.P. Art. 5181 was in fact urged before the District Court and rejected. Undoubtedly, counsel for Respondent is of the opinion that there must be a written plea of unconstitutionality before the same can be considered by the trial court. In the instant matter we hold that a formal plea of unconstitutionality was not necessary. The order then under consideration was before the court on a. motion. The proceeding was summary in form which requires no answer. C.C.P. Art. 2593. We therefore consider that the unconstitutionality of the article in question was sufficiently put at issue thus according the trial judge an opportunity to consider the merits of such a claim. This is not a situation where the issue of the constitutionality of a particular statute is raised for the first time on appeal thus precluding any consideration thereof by the trial judge.
The issue herein presented relative to the constitutionality of C.C.P. Art. 5181 is governed by the decision of the Supreme Court of the United States in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). The plaintiff in Bod-die brought a class action against the State of Connecticut challenging a Connecticut statute which required payment of court fees and expenses as a condition precedent to obtaining court relief in a divorce action.
The court speaking through Mr. Justice Harlan held: (91 S.Ct. 780, 784)
“. . . Our conclusion is that, given the basic position of the marriage relationship in this society’s hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages.
******
and at pages 788, 789:
“[21, 22] In concluding that the Due Process Clause of the Fourteenth *339 Amendment requires that these appellants be afforded an opportunity to go into court to obtain a divorce, we wish to re-emphasize that we go no further than necessary to dispose of the case before us, a case where the bona fides of both appellants’ indigency and desire for divorce are here beyond dispute. We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual, for, as we have already noted, in the case before us this right is the exclusive precondition to the adjustment of a fundamental human relationship. The requirement that these appellants resort to the judicial process is entirely a state-created matter. Thus we hold only that a State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so."
‡ ^ * * * *
The above quoted language from Boddie clearly announces the proposition that the portion of our C.C.P. Article 5181 which excludes separation and divorce matters from its applicability is contrary to the due process clause of our federal constitution, namely, the 14th Amendment. We, of course, are bound thereby.
Accordingly, for the above and foregoing reasons, the writs heretofore issued are made peremptory and the order of the District Judge of January 17, 1972, is reversed and set aside and Relatrix is hereby permitted to proceed in forma pauperis. All costs pertaining to these writs are assessed against Respondent.
Writs made peremptory, reversed and rendered.

. The return date of the appeal has been extended by the trial judge pending a decision on these writs.

. Respondent has not endeavored to traverse the order of December 27, 1971, by showing Relatrix has available funds. C.C.P. Art. 5184.

. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).